UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X

KEVIN ANTHONY, 27702-171,

        Plaintiff,

        - against -

MEDICAL STAFF AT INSTITUTION AND
AT BROOKLYN HOSPITAL AND
KINGSBROOKS HOSPITAL, [1]

        Defendants.
───────────────────────────────────────X

MEMORANDUM
AND ORDER
16-CV-1122 (LDH)(LB)

DEARCY HALL, United States District Judge:

*Pro se* plaintiff Kevin Anthony, an inmate at the Metropolitan Detention Center ("MDC") Brooklyn filed the present action against three individual members of the Medical Staff at the MDC, Ms. Garica, Mr. Nunez, and Ms. Altman ("Federal Defendants"), and two hospitals, Brooklyn Hospital and Kingsbrook (as it is properly spelled) Hospital ("Non–Federal Defendants) pursuant to 42 U.S.C. § 1983. Plaintiff alleges medical negligence and malpractice claims related to a thirteen-month delay in treating his infected left arm. Plaintiff's request for *in forma pauperis* status, pursuant to 28 U.S.C. § 1915, is granted. For the reasons set forth below, the claims against the Non-Federal defendants are dismissed.

**BACKGROUND**

The following facts are drawn from plaintiff's complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Plaintiff, inmate number

---

[1] Plaintiff does not list them in the caption of the complaint, but provides the names of the following three members of the MDC medical staff within the list of defendants on page two of the complaint: Ms. Garica, Mr. Nunez and Ms. Altman. He does not provide the names of any medical personnel at the private hospitals he has named. Compl. at 1-2. The Court will liberally construe the complaint as naming these three MDC employees.

1

27702-171 at MDC in Brooklyn, New York, alleges that "he was walking around with an infected arm" for approximately thirteen months "before [he] receive[d] surgery on Nov. 25, 2015." Compl. at ¶ IV. He alleges that he could have lost his arm or died if the surgery had been delayed any further and that he is on four "different medications for the surgery and pain." He seeks damages for the "medical neglect and the malpractice medical" of MDC, Brooklyn Hospital and Kingsbrook Hospital.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Although courts must read *pro se* complaints with "special solicitude" and interpret them

to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**DISCUSSION**

The complaint, filed on a 42 U.S.C. § 1983 civil rights complaint form, makes allegations of "medical neglect and malpractice" occurring at MDC, a federal facility at which plaintiff is incarcerated.

### A. Construe Complaint as *Bivens* Action

Since plaintiff is incarcerated in a federal facility, and makes allegations concerning prison conditions while housed therein, the Court construes this complaint as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* governs violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (observing that federal

courts typically incorporate § 1983 law into *Bivens* actions and that "[b]oth *Bivens* and section 1983 actions are designed to provide redress for constitutional violations").

"In a *Bivens* action, alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994). *Bivens* actions are brought against federal officials in their individual capacities. *See Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Dotson v. Griesa,* 398 F.3d 156, 165-66 (2d Cir. 2005).

### B. Claims Against Private Hospitals Dismissed

A plaintiff in a *Bivens* action is required to allege facts indicating that the defendants were personally involved in the claimed constitutional violation. *See Ellis v. Blum,* 643 F.2d 68, 85 (2d Cir. 1981); *see also Thomas v. Ashcroft,* 470 F.3d 491, 496 (2d Cir. 2006). Although named in the caption of the complaint, plaintiff makes no allegations whatsoever against either Brooklyn Hospital or Kingsbrook Hospital or any member of their staffs. Thus, the complaint against them is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B);1915A.

Moreover, the Court has identified another problem with naming these two hospitals as defendants to this complaint. A private hospital is generally not considered a state (for section 1983 actions) or federal (for *Bivens* actions) actor. *White v. St. Joseph's Hosp.,* 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as . . . hospitals . . . are generally not proper § 1983 defendants because they do not act under color of state law."); *Kia P. v. McIntyre,* 235 F.3d 749, 757 n.3 (2d Cir. 2000) ("Our decision in this case turns in large part on our conclusion that the [private] Hospital was not a state actor when it provided medical care to

4

[plaintiff]"); *Schlein v. Milford Hosp., Inc.,* 561 F.2d 427, 428–29 (2d Cir. 1977) (declining to impose Section 1983 liability on a private hospital, in spite of the state's role in regulating and licensing the hospital); *Jouthe v. City of New York,* No. 05-cv-1374, 2009 WL 701110, at *17-19 (E.D.N.Y. Mar. 10, 2009) (declining to impose Section 1983 liability on defendant hospitals and hospital employees); *Sockwell v. Bernstein,* No. 07-cv-00866, 2007 WL 879582 at *2 (E.D.N.Y Mar. 21, 2007) (holding that a private hospital cannot be sued under § 1983 or *Bivens*); *Nedd v. Queens Hosp. Ctr.,* No. 08-cv-1141, 2008 WL 2497428, at *2 (E.D.N.Y. June 18, 2008) (finding complaint as alleged did not state cause of action against hospital, in part because it was "a private entity"); *but see Giraldo v. U. S.,* No. 14-cv-5568, 2015 WL 1476409, at *3 (E.D.N.Y. Mar. 31, 2015) (noting, without deciding, that if plaintiff could show that "Brooklyn Hospital is a public hospital or a private hospital that has a contract to provide services to inmates, the hospital may be considered a state actor") (citing *West v. Atkins,* 487 U.S. 42 (1988)).

## CONCLUSION

Accordingly, the claims against Brooklyn Hospital and Kingsbrook Hospital are dismissed without prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B);1915A. No summons shall issue as to these defendants and the Clerk of Court is directed to correct the docket to reflect their dismissal.

Plaintiff's *Bivens* action alleging inadequate medical care against the Garica, Nunez and Altman may proceed. The Clerk of the Court is directed to issue summonses against these defendants and the United States Marshals Service is directed to serve the complaint and this Order on these three defendants without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the complaint and this Order to the United States Attorney for the Eastern

5

District of New York. The complaint is referred to the Honorable Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

                                                                             __S/LDH_____
                                                                             LaShann DeArcy Hall
                                                                             United States District Judge

Dated:  Brooklyn, New York
        April 7, 2016